UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

CROSSLINK-D, INC., a Delaware Corporation

        Plaintiff,

        v.                           CASE NO.

JOSEPH LARGEY,

        Defendant

_____/

## NOTICE OF REMOVAL

      Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, the defendant, Joseph Largey ("Largey"),

notices the removal of this civil action from the Court of Chancery of the State of Delaware in

and for New Castle County, Delaware to the United States District Court for the District of

Delaware. In support of removal, Largey states as follows:

      1.    The style of the case in state court is *Crosslink-D, Inc. v. Joseph Largey*, case

C.A. 2650-N, in the Court of Chancery of the State of Delaware in and for New Castle County.

The United States District Court has removal jurisdiction over the case, pursuant to 28 U.S.C. §

1441(a), because the Court has original jurisdiction over the case pursuant to 28 U.S.C. § 1332:

          a.    There is diversity of citizenship between the plaintiff and the defendant in

this action. The plaintiff's complaint alleges that plaintiff is a Delaware corporation. A

copy of the complaint is contained in Composite Exhibit A. Other documents plaintiff

has filed with the Delaware Court of Chancery show that plaintiff's principal place of

business is in California. See copy of plaintiff's Statement Pursuant to Chancery Court

Rule 4(dc), contained in Composite Exhibit A. Defendant, Largey, does not now and has

never resided in Delaware or in California. Largey currently temporarily resides in the

State of Virginia at his vacation home. Largey maintains that he is a citizen of the State of Florida, where he intends to return and purchase a permanent residence. The facts supportive of the citizenship of Largey are contained in his Declaration in Support of Removal, a copy of which is attached as Exhibit B. Whether Largey is ultimately determined to be a citizen of the State of Virginia or the State of Florida, there exists diversity of citizenship between plaintiff and defendant in this case.

b.    The amount in controversy is in excess of $75,000, exclusive of interest and costs. The plaintiff's complaint seeks to void the issuance of 200,000 shares of Crosslink-D to Largey as well as an award of unspecified damages to the company for alleged breaches of fiduciary duty. The consideration paid by Largey for his 200,000 shares and the value of those shares each exceeds $75,000. See Declaration in Support of Removal, Exhibit B.

2.    Removal is timely under 28 U.S.C. § 1446(b) because the plaintiff's complaint was served on Largey by mail on January 19, 2007, in accordance with 10 Del. C. §3114(c), when the Register in Chancery mailed a copy of the summons and complaint to Largey at his residence at 2316 Beach Haven Drive, Unit 101, Virginia Beach, Virginia 23451. This Notice of Removal is filed within 30 days of the January 19, 2007 service by mail of the summons and complaint to Largey's Virginia residence.

3.    True and legible copies of all process, pleadings, orders, and other papers or exhibits of every kind on file in the state court at the time of removal are attached as Composite Exhibit A.

4.    In accordance with 28 U.S.C. § 1446(d), Largey has (i) contemporaneously filed a copy of this Notice of Removal with the Court of Chancery of the State of Delaware in and for

2

New Castle County, and (ii) given contemporaneous written notice to Crosslink-D serving this Notice of removal on counsel for Crosslink-D.

5.    Largey reserves the right to move to dismiss this action for lack of personal jurisdiction and to challenge venue in the District of Delaware under the applicable laws governing jurisdiction and venue.

### Conclusion

For the foregoing reasons, Largey respectfully requests that this action currently pending in the Court of Chancery of the State of Delaware in and for New Castle County be removed to this Court, and that this Court proceed as if this case had been originally initiated in this Court.

Respectfully submitted,

Dated: February 16, 2007

JOHN C. PHILLIPS, JR., ESQUIRE (#110)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200

3

# EXHIBIT A

EFiled: Jan 4 2007 6:03P
Transaction ID 13353355

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

CROSSLINK-D, INC., a Delaware corporation    )
)
            Plaintiff,    )
)
          v.    )    C.A. _2650_-N
)
JOSEPH LARGEY,    )
)
          Defendant.    )

### VERIFIED COMPLAINT

Plaintiff CrossLink-D, Inc., by its undersigned attorneys, for its complaint against Joseph Largey, alleges as follows:

### NATURE OF THE ACTION

1.    Plaintiff CrossLink-D, Inc. ("CrossLink-D" or the "Company") brings this action against Joseph Largey for breaches of fiduciary duty arising out of his actions as director and officer of the Company. Mr. Largey, among other things,

       a.    accepted stock in the Company without making payment therefore;

       b.    made false statements to the Company's board of directors regarding his "investment" in the Company;

       c.    failed to maintain any contact with the Company for weeks at a time;

       d.    consciously ignored requests from a director of the Company to provide information about the Company's business plan and investment plan; and

       e.    conspired with Daniel Sueflohn to convene a rump board meeting after their removal as directors for the sole purpose of issuing shares to



FILED
AS A TRUE COPY:
ATTEST:

REGISTER IN CHANCERY
By Theresa B. Vaccarini

648025-1

friendly individuals without consideration to dilute the voting power of the majority stockholders who had executed written consents effecting their removal.

2. These actions have caused the Company significant harm by, among other things, delaying the development of the Company's product by failing to provide the financial resources necessary for its development in a timely fashion and otherwise diverting the resources of the Company.

## PARTIES

3. The Company is a Delaware corporation developing and marketing a drug eluted hemostatic device.

4. Joseph Largey is the former President and chief executive officer ("CEO") and a former director of the Company.

## BACKGROUND

5. The Company's main focus is the development and marketing of a drug eluted hemostatic device. Dr. Kent C. Cochrum developed the concept for the product while he was a professor at the University of California. After retiring from the University, Dr. Cochrum obtained an assignment of the intellectual property rights to the research and began his efforts to commercialize the invention. Dr. Cochrum's first effort to commercialize the invention was the formation of Ares Laboratories, LLC ("Ares") along with Daniel Sueflohn and Sue Jemtrud. Each of these individuals was a member of Ares with Dr. Cochrum and Mr. Sueflohn providing the financing.

6. In 2004 Dr. Cochrum and Mr. Sueflohn determined that Ares needed professional management and Ares engaged a search firm to identify candidates to serve as President and CEO of the Company. The search identified Mr. Largey as one of two

potential candidates.    After negotiations with Mr. Largey, Ares entered into an employment agreement with Mr. Largey dated as of November 1, 2004 (the "Largey Employment Agreement").

7.    The Largey Employment Agreement provided, among other things, that Ares would sell Mr. Largey 670,000 Ares shares, constituting 10% of the outstanding common stock of the Company, at the fair market value of a share of Ares as determined by the board, but not greater than $.01 per share. The Largey Employment Agreement also required Mr. Largey to make a $50,000 investment in Ares within 90 days of the commencement of employment.

8.    In late 2004, the members of Ares decided to reorganize their venture into a sub-chapter S corporation. On January 3, 2005, Robert Leberman, counsel to the Company, incorporated CrossLink-D, Inc, by filing a certificate of incorporation with the Delaware Secretary of State. Over the next several months, Mr. Leberman prepared a number of documents to effectuate the transfer of the operations and business of Ares to CrossLink-D. In conjunction with that transfer, the intellectual property of Ares was transferred first to Dr. Cochrum, Mr. Sueflohn and Ms. Jemtrud and then these individuals transferred the intellectual property to CrossLink-D in exchange for stock in the Company. In addition, the Largey Employment Agreement was assigned to CrossLink-D.

9.    On May 1, 2005, Mr. Leberman, as the incorporator of CrossLink-D, held an organizational meeting (the "Organizational Meeting") in which Dr. Cochrum, Mr. Sueflohn and Mr. Largey participated. At the Organizational Meeting, Mr. Leberman, as

the incorporator, adopted and consented to a resolution electing Dr. Cochrum, Mr. Sueflohn and Mr. Largey as Directors of CrossLink-D.

10.    Following the appointment of the directors, Mr. Leberman resigned as incorporator. The board of directors – Dr. Cochrum and Messrs. Sueflohn and Largey -- then approved the adoption of a set of bylaws drafted by Mr. Leberman typically used by a California corporation, not a Delaware corporation (the "Original Bylaws"). The Original Bylaws also provided for one director of the Company. The directors also authorized the issuance of common stock to four individuals in the following manner quoted directly from the minutes of the Organizational Meeting:

| NAME | SHARES | CONSIDERATION |
|------|--------|---------------|
| Kent C. Cochrum | 1,200,000 | $1,200 and IP Assignment |
| Dan Sueflohn | 500,000 | 500 and IP Assignment |
| Joseph A. Largey | 200,000 | 200 and other consideration |
| Susan Jemtrud | 100,000 | 100 and IP Assignment |

The 200,000 shares to be issued to Mr. Largey constituted 10% of the outstanding shares of the Company at the time, consistent with the concept of the share grant in the Largey Employment Agreement. Although the minutes of the Organizational Meeting reflected the resolution that the issuance of shares was in exchange for the consideration listed in the resolution, Messrs. Sueflohn and Largey did not provide any of the promised consideration in exchange for their shares.

11.    Mr. Largey actually signed the stock certificate evidencing the issuance of these shares to himself when he knew that he had not paid any consideration for such shares.

## MR. LARGEY FAILS TO FULFILL HIS DUTIES

12.    Beginning in 2006, Dr. Cochrum became concerned with Mr. Largey's ability to fulfill his duties as President and CEO. Dr. Cochrum's beliefs were based on the fact that Mr. Largey had after almost 18 months of employment still not presented a business plan and financial plan for CrossLink-D, despite numerous requests. For these reasons, Dr. Cochrum began discussing the need to terminate Mr. Largey as President and CEO with Mr. Sueflohn. Mr. Sueflohn initially was sympathetic to Dr. Cochrum's position, but later was less enthusiastic about the proposition of terminating Mr. Largey.

## THE CONSPIRACY TO SEIZE CONTROL

13.    In late April 2006, Dr. Cochrum had not heard from Mr. Largey for several weeks and the Company was rapidly running out of cash. Faced with the impending insolvency of the Company without any tangible effort by the CEO to take actions necessary to avert it, on May 9, 2006, Dr. Cochrum attempted to contact Mr. Largey to request that Mr. Largey provide him with a copy of the Company's business plan and investment plan, in their then current draft form. Several weeks later, Mr. Largey responded to Dr. Cochrum's request not with a business plan, but the excuse that Mr. Largey was in the process of moving and had no mailing address, e-mail address or available telephone on which he could be reached. On May 24, 2006, Dr. Cochrum presented to the Company's counsel at the time, Mr. Leberman, written consents executed by the holders of a majority of the outstanding stock of the Company removing Messrs. Largey and Sueflohn as directors of the Company (the "Written Consents").

14.    Mr. Leberman recommended to Dr. Cochrum that he delay action until Mr. Leberman had made an attempt to ascertain the status of the materials Dr. Cochrum was requesting. Out of deference to the Company's counsel, whom Dr. Cochrum

believed to be looking out for the best interests of the Company, Dr. Cochrum agreed to delay the effectiveness of the Written Consents for 24 hours by allowing Mr. Leberman to hold the Written Consents "in trust," pending further conferences between Mr. Leberman and Messrs. Largey and Sueflohn, and Douglas Evans (an advisor retained by Dr. Cochrum in his capacity as director and CFO of the Company).

15.    Mr. Largey failed to provide Dr. Cochrum with the business and financial plans he had requested several weeks earlier, and furthermore, despite Mr. Largey's manifest failure to perform under the terms of his employment contract and despite the fact that the Company's cash reserves were being rapidly depleted, Mr. Sueflohn maintained his support for retaining Mr. Largey in his positions as director and CEO. Accordingly, on June 1, 2006, Dr. Cochrum informed Mr. Leberman orally and by e-mail that he intended to go forward with the removal of Messrs. Largey and Sueflohn and that he should accept the Written Consents as effective as of that date.

16.    By letter dated June 1, 2006 addressed to Dr. Cochrum and Messrs. Largey and Sueflohn (the "June 1 Letter"), Mr. Leberman informed Dr. Cochrum that while the Written Consents represented 50.72% of the outstanding shares of the Company, pursuant to the *California Corporations Code* and the Original Bylaws (as opposed to the Company's certificate of incorporation), the removal of both directors was invalid. Mr. Leberman took the position in the June 1 Letter that pursuant to Section 303(a)(1) of the *California Corporations Code* "a director may not be removed if the votes not consenting to the removal would be sufficient to elect the director if voted cumulatively and the entire number of directors were being elected" and, accordingly the

Written Consents ineffective to remove both Messrs. Largey and Sueflohn as directors of the Company.

17.     Mr. Leberman informed the other stockholders who had executed the Written Consents of his conclusion in a letter dated June 2, 2006 and suggested the stockholders hold a stockholder meeting to discuss the issues. Dr. Cochrum subsequently informed Mr. Leberman that he believed the Written Consents to be valid to remove Messrs. Largey and Sueflohn. In response to Dr. Cochrum's instruction, Mr. Leberman then sent a letter dated June 5, 2006, to the stockholders who had executed the Written Consents asking these stockholders whether they believed the actions they took in the Written Consents were valid.

## THE JUNE 6 MEETING AND MESSRS. SUEFLOHN AND LARGEY'S ATTEMPT TO SEIZE CONTROL OF THE COMPANY

18.     Mr. Leberman's motivations for his campaign of delay and obfuscation through providing improper and inaccurate legal advice based on the California Corporations Code to a Delaware corporation and refusing to accept the validity of the actions taken by the Written Consents became clear on June 6, 2006. A meeting of the board of directors of the Company (the "Board") was scheduled for that day (the "June 6 Meeting"). Dr. Cochrum took the position that he was the only director and therefore convening a meeting of the Board at which Messrs. Largey and Sueflohn were present was improper  Nonetheless, Dr. Cochrum agreed to meet with Messrs Largey and Sueflohn, who were accompanied by Mr. Leberman, on the condition that Messrs. Largey and Sueflohn not attempt to convene a meeting of the Board, and that the purpose of the meeting would be to review Mr. Largey's vision for the company and to advance the Company's pending application for FDA approval of its initial product. Douglas Evans,

who had been retained by Dr. Cochrum to provide advice to the Company, was also present at the June 6 Meeting.

19.    At the June 6 Meeting, Mr. Largey gave a presentation on his vision for the Company and introduced certain consultants Mr. Largey proposed to retain on behalf of the Company.  The June 6 Meeting proceeded smoothly until Mr. Evans left the meeting due to a prior commitment.  As soon as Mr. Evans left the June 6 Meeting, Messrs. Largey and Sueflohn, aided by Mr. Leberman, sprang into action and attempted to convene a meeting of the Board with Messrs. Largey and Sueflohn to be recognized as directors.  After purporting to convene a meeting of the Board, Messrs. Largey and Sueflohn purported to approve the issuance of shares of the Company's common stock to individuals friendly to them without any provision for cash payment or other consideration in exchange for the shares, and without any prior supporting board approval for any stock issuance to two of the individuals  Mr. Leberman actively aided the secret plans of Messrs. Largey and Sueflohn as during the meeting he provided Messrs. Largey and Sueflohn with pre-drafted forms of resolutions purporting to authorize the issuance of these shares to the cronies of Messrs. Largey and Sueflohn.

20.    Messrs. Largey and Sueflohn purported to continue the June 6 Meeting on June 7, 2006 (the "Purported Continuation") without the participation of Dr. Cochrum At the Purported Continuation, Messrs. Largey and Sueflohn purported to sign stock certificates to issue the shares purportedly authorized at the June 6 Meeting.  The stock certificates were prepared by Mr. Leberman by filling in a blank stock certificate by hand then photocopying that certificate.  Mr. Largey signed as President and CEO, while Mr

Sueflohn (who has never been an officer of the Company) signed as "Assistant Secretary."

## THE SPECIAL MEETING

21.    Dr. Cochrum disputed the validity of the actions at the June 6 Meeting and the Purported Continuation. On July 21, 2006, Dr. Cochrum, as the sole member of the Board, caused the Company to disseminate to its stockholders notice of a special meeting of stockholders (the "Special Meeting Notice") to be held on August 1, 2006 (the "Special Meeting"). The Special Meeting Notice stated that the purpose of the Special Meeting was to:

       a.    remove all of the directors of the corporation;

       b.    confirm the portion of Section 2 of Article III of the Bylaws of the corporation that provides as follows: "The authorized number of directors shall be one (1) until changed by an amendment to this Bylaw approved by the shareholders";

       c.    adopt new bylaws; and

       d.    elect a new director or directors.

22.    The Special Meeting Notice also informed the stockholders of the Company that Dr. Cochrum intended to stand for election again and that Mr. Evans may be nominated for election as director (which Mr. Evans declined to do). Such nominees were proposed by Dr. Cochrum as the representative of management of the Company.

23.    At the Special Meeting, a quorum of shares was present in person or by proxy. The stockholders in attendance in person or by proxy at the Special Meeting took the following actions:

        a.     Removed of all directors of the Company and any persons claiming to be a director of the Company;

        b.     Confirmed that the Original Bylaws provided for only one director of the Company;

        c.     Adopted a new set of bylaws (the "Revised Bylaws"); and

        d.     Elected Dr. Cochrum the sole director of the Company.

24.    Following the June 6 Meeting, Dr. Cochrum had not received communication from Mr. Largey despite numerous attempts to contact him. For instance, on June 14, 2006, Dr. Cochrum sent Mr. Largey a letter requesting information regarding the Company, such as a list of employees and other obligations. Although the Company confirmed that Mr. Largey received this letter, Mr. Largey failed to respond to it. Accordingly, on August 9, 2006, the Company provided notice to Mr. Largey that it considered the Largey Employment Agreement repudiated by Mr. Largey as a result of his abandonment of his duties and failure to perform functions essential to his role as President and CEO and that, in any event, it was terminating his employment as President and CEO for cause, and exercising its right to repurchase shares not vested as of that date. A true and correct copy of the Largey Termination Letter is attached hereto as Exhibit B.

25.    Later in August, Mr Sueflohn informed Dr. Cochrum that Messrs. Sueflohn and Largey had intentionally withheld information from Dr. Cochrum regarding their financing plans for the Company. This information only served to confirm that Messrs. Sueflohn and Largey were acting in concert to attempt to gain control of the Company.

## COUNT I
### (Breach of Fiduciary Duties Against Mr. Largey)

26.    Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth herein.

27.    As a director of CrossLink-D, Mr. Largey owed the Company the duties of loyalty.

28.    Mr. Largey breached the duty of loyalty by, among other things:

a.    accepting stock in the Company without making payment therefore;

b.    intentionally making false statements to the Company's board of directors regarding his "investment" in the Company;

c.    failing to maintain any contact with the Company for weeks at a time when he knew that the Company was rapidly running out of cash;

d.    failing to timely and appropriate steps in his capacity as CEO to prepare a business plan and investment plan for the Company as it approached insolvency;

e.    consciously ignoring requests from a director of the Company to provide information about the Company's business plan and investment plan; and

f.    conspiring with Mr. Sueflohn to convene a rump board meeting after their removal as directors for the sole purpose of issuing shares to friendly individuals without consideration to dilute the voting power of the majority stockholders who had executed written consents effecting their removal.

29.    Mr. Largey is liable for the damages caused by his breach of the duty of loyalty and other bad faith actions.

30.    Plaintiff is without an adequate remedy at law.

## COUNT II
### (Invalidity of Stock Issued to Mr. Largey)

31.    Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth herein.

32.    Mr. Largey failed to provide any consideration to the Company in exchange for the 200,000 shares of the Company's common stock he received.

33.    Pursuant to the General Corporation Law of the State of Delaware (the "DGCL"), stock cannot be issued without consideration.

34.    Mr. Largey failed to pay the Company any consideration for the shares of stock he received.  Accordingly, the 200,000 shares of common stock purportedly issued to Mr Largey are void

35.    Plaintiff is entitled to a declaration that the 200,000 shares of common stock purportedly issued to Mr. Largey are void.

## COUNT III
### (In The Alternative, 77,778 Shares Of Common Stock Are Subject To Repurchase)

36.    Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth herein.

37.    For its alternative relief, if the Court determines that the 200,000 shares of stock issued to Mr. Largey are valid, then 77,778, shares are subject to repurchase pursuant to the Repurchase Option of the Largey Employment Agreement.

38.    For all of the reasons stated above, Mr. Largey was justifiably terminated for cause on August 9, 2006.  Pursuant to the Largey Employment Agreement, if Mr.

Largey was terminated for cause, the Unvested Shares would be subject to repurchase. As of August 9, 2006, 78,888 shares were unvested.

39.    Plaintiffs are entitled to a declaration that 77,778 shares owned by Mr. Largey are subject to repurchase pursuant to the Largey Employment Agreement and an order compelling Mr. Largey to sell the shares subject to the Repurchase Option to CrossLink-D pursuant to the terms of the Largey Employment Agreement.

WHEREFORE, Plaintiff CrossLink-D, Inc. respectfully requests that the Court:

A.    Declare that Joseph Largey breached his fiduciary duties to the Company and award the Company damages as a result of such breach;

B.    Declare that the shares issued to Joseph Largey are void;

C.    In the alternative, if the Court finds that the shares issued to Joseph Largey are not void, declare that 77,778 shares owned by Mr. Largey are subject to repurchase pursuant to the Largey Employment Agreement and issue an order compelling Mr. Largey to sell the shares subject to the Repurchase Option to CrossLink-D according to the terms of the Largey Employment Agreement;

D.    Award plaintiff its attorneys' fees and costs in prosecuting this action; and

E.    Granting such other and further relief as is just and equitable.

THE BAYARD FIRM, P.A.

_____
Peter B. Ladig (#3513)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
(302) 655-5000
    Attorneys for Plaintiff

Dated: January 4, 2007

From: 9169229594    Page: 2/2    Date: 1/4/2007 5:39:21 PM
FROM : JOSEPH M SULLIVAN CPA INC    FAX NO. :9169229594    EFiled: Jan 4 2007 5:36PM PST
Transaction ID 13353355

STATE OF CALIFORNIA        )
                           ) ss.
COUNTY OF SACRAMENTO        )

I, Joseph M. Sullivan, being duly sworn, hereby deposes and says that the statements in the foregoing Verified Complaint are true and correct to the best of my knowledge, information and belief.

Joseph M. Sullivan, President and CEO

SWORN TO AND SUBSCRIBED before me this 4th day of January, 2007.

ERIK ECHON
COMM. #1664287
NOTARY PUBLIC - CALIFORNIA
SACRAMENTO COUNTY
COMM. EXPIRES JULY 28, 2010

Notary Public

EFiled: Jan 4 2007 6:03P
Transaction ID 13353355

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

CROSSLINK-D, INC., a Delaware corporation    )
    )
        Plaintiff,    )
    )
        v.    )    C.A.2650-N
    )
JOSEPH LARGEY,    )
    )
        Defendant.    )

### STATEMENT PURSUANT TO CHANCERY COURT RULE 4(dc)

Plaintiff CrossLink-D, Inc. hereby makes the following statement pursuant to Chancery Court Rule 4(dc):

1.    The name and principal business addresses of the corporation upon whose board the non-resident director defendants sit is:

> CrossLink-D, Inc.
> 3480 Industrial Boulevard, Suite 105
> West Sacramento, California 95691

2.    The name and address of the corporation's registered agent in Delaware is:

> Paracorp Incorporated
> 40 E. Division Street, Suite A
> Dover, Delaware 19901

3.    The names and last known addresses of the non-resident director third-party defendant of CrossLink-D, Inc., is:

> Joseph Largey
> 2316 Beach Haven Drive, Unit 101
> Virginia Beach, Virginia 23451

THE BAYARD FIRM

_____
Peter B. Ladig (#3513)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
(302) 655-5000

Dated: January 4, 2007                    Attorneys for Plaintiff

COPY

EFiled: Jan 4 2007 6:03PM EST
Transaction ID 13353355

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

CROSSLINK-D, INC., a Delaware corporation )
)
Plaintiff,                            )
)
v.                                    )
)        C.A. 2650-N
JOSEPH LARGEY,                        )
)
Defendant.                       )
)

## MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVERS

Plaintiff CrossLink-D, Inc. hereby moves for an Order pursuant to Chancery Court Rule 4 appointing any employee or agent of The Bayard Firm as Special Process Servers for the purpose of serving the Summons, Complaint and related suit papers requiring service upon Defendant.

THE BAYARD FIRM

Peter B. Ladig (#3513)
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
(302) 655-5000
   Attorneys for Plaintiff CrossLink-D, Inc.

Dated: January 4, 2007

647083-1

EFiled: Jan 4 2007 6:03PM EST
Transaction ID 13353355

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

CROSSLINK-D, INC., a Delaware corporation )
                                          )
                    Plaintiff,            )
                                          )
          v.                              )
                                          )       C.A. 2650 -N
JOSEPH LARGEY,                            )
                                          )
                    Defendant.            )
                                          )

## ORDER APPOINTING SPECIAL PROCESS SERVERS

IT IS HEREBY ORDERED this __5__ day of ~~December, 2006,~~ JANUARY 2007, that any employee or

agent of The Bayard Firm is hereby appointed Special Process Servers for the purpose of serving

the Summons, the Complaint and other papers requiring service upon Defendant.

_____
                    Master in Chancery



OFFICE OF THE REGISTER IN CHANCERY
COURT OF CHANCERY
OF THE
STATE OF DELAWARE

NEW CASTLE COUNTY
COURTHOUSE
500 N KING STREET
SUITE 1551
WILMINGTON. DE 19801

302-255-0544
FAX 302-255-2213

January 19, 2007

Joseph Largey
2316 Beach Haven Drive
Unit 101
Virginia Beach, VA  23451

RE:  Civil Action # 2650-N

Dear Sir or Madam:

Service of the enclosed true and attested copy of process is made
pursuant to Delaware Code Sec. 3114(b).

Very truly yours,

Patricia G. Randolph

COPY

**SUMMONS**

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

**IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| CROSSLINK-D, INC., a Delaware corporation<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH LARGEY,<br><br>Defendant. | ) | C.A. 2650-N-N<br><br>SUMMONS PURSUANT TO 10 Del. C. Sec. 3114 |

**TO THE** SPECIAL PROCESS SERVER

**YOU ARE COMMANDED:**

To Summon the above named individual defendants by service pursuant to 10 *Del. C.* § 3114 upon CrossLink-D, Inc., by serving its registered agent, Paracorp Incorporated, 40 E. Division Street, Suite A, Dover, Delaware 19901, which is designated for service upon Peter B. Ladig, Esq., plaintiff's attorney whose address is 222 Delaware Avenue, Suite 900, P.O. Box 25130, Wilmington, Delaware 19899, an answer to the complaint.

To serve upon defendant a copy hereof and of the complaint filed pursuant to Chancery Court Rule 4(dc)(1).

**TO THE ABOVE NAMED DEFENDANTS:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Dated January 5, 2007

Patricia B. Randolph
Register in Chancery

646943-1

CIVIL ACTION NO.  2650-N

CROSSLINK-D, INC., a Delaware corporation    )
                                             )
                Plaintiff,                   )
                                             )
        v.                                   )
                                             )        C.A. 2650-N
JOSEPH LARGEY,                               )
                                             )
                Defendant.                   )
                                             )

**SUMMONS**

Please effectuate service upon:

Joseph Largey
c/o Paracorp Incorporated
40 E. Division Street, Suite A
Dover, Delaware 19901
Pursuant to 10 *Del. C.* § 3114


SERVICE TO BE COMPLETED BY
SPECIAL PROCESS SERVER



Peter B. Ladig, Esq.

**Attorney for Plaintiff**

**§ 3114. Service of process on nonresident directors, trustees, members of the governing body or officers of Delaware corporations.**

(a) Every nonresident of this State who after September 1, 1977, accepts election or appointment as a director, trustee or member of the governing body of a corporation organized under the laws of this State or who after June 30, 1978, serves in such capacity, and every resident of this State who so accepts election or appointment or serves in such capacity and thereafter removes residence from this State shall, by such acceptance or by such service, be deemed thereby to have consented to the appointment of the registered agent of such corporation (or, if there is none, the Secretary of State) as an agent upon whom service of process may be made in all civil actions or proceedings brought in this State, by or on behalf of, or against such corporation, in which such director, trustee or member is a necessary or proper party, or in any action or proceeding against such director, trustee or member for violation of a duty in such capacity, whether or not the person continues to serve as such director, trustee or member at the time suit is commenced. Such acceptance or service as such director, trustee or member shall be a signification of the consent of such director, trustee or member that any process when so served shall be of the same legal force and validity as if served upon such director, trustee or member within this State and such appointment of the registered agent (or, if there is none, the Secretary of State) shall be irrevocable.

(b) Every nonresident of this State who after January 1, 2004, accepts election or appointment as an officer of a corporation organized under the laws of this State, or who after such date serves in such capacity, and every resident of this State who so accepts election or appointment or serves in such capacity and thereafter removes residence from this State shall, by such acceptance or by such service, be deemed thereby to have consented to the appointment of the registered agent of such corporation (or, if there is none, the Secretary of State) as an agent upon whom service of process may be made in all civil actions or proceedings brought in this State, by or on behalf of, or against such corporation, in which such officer is a necessary or proper party, or in any action or proceeding against such officer for violation of a duty in such capacity, whether or not the person continues to serve as such officer at the time suit is commenced. Such acceptance or service as such officer shall be a signification of the consent of such officer that any process when so served shall be of the same legal force and validity as if served upon such officer within this State and such appointment of the registered agent (or, if there is none, the Secretary of State) shall be irrevocable. As used in this section, the word "officer" means an officer of the corporation who (i) is or was the president, chief executive officer, chief operating officer, chief financial officer, chief legal officer, controller, treasurer or chief accounting officer of the corporation at any time during the course of conduct alleged in the action or proceeding to be wrongful, (ii) is or was identified in the corporation's public filings with the United States Securities and Exchange Commission because such person is or was 1 of the most highly compensated executive officers of the corporation at any time during the course of conduct alleged in the action or proceeding to be wrongful, or (iii) has, by written agreement with the corporation, consented to be identified as an officer for purposes of this section.

(c) Service of process shall be effected by serving the registered agent (or, if there is none, the Secretary of State) with 1 copy of such process in the manner provided by law for service of writs of summons. In addition, the Prothonotary or the Register in Chancery of the court in which the civil action or proceeding is pending shall, within 7 days of such service, deposit in the United States mails, by registered mail, postage prepaid, true and attested copies of the process, together with a statement that service is being made pursuant to this section, addressed to such director, trustee, member or officer at the corporation's principal place of business and at the residence address as the same appears on the records of the Secretary of State, or, if no such residence address appears, at the address last known to the party desiring to make such service.

(d) In any action in which any such director, trustee, member or officer has been served with process as hereinabove provided, the time in which a defendant shall be required to appear and file a responsive pleading shall be computed from the date of mailing by the Prothonotary or the Register in Chancery as provided in subsection (c) of this section; however, the court in which such action has been commenced may order such continuance or continuances as may be necessary to afford such director, trustee, member or officer reasonable opportunity to defend the action.

(e) Nothing herein contained limits or affects the right to serve process in any other manner now or hereafter provided by law. This section is an extension of and not a limitation upon the right otherwise existing of service of legal process upon nonresidents.

(f) The Court of Chancery and the Superior Court may make all necessary rules respecting the form of process, the manner of issuance and return thereof and such other rules which may be necessary to implement this section and are not inconsistent with this section. (61 Del. Laws, c. 119, § 1; 70 Del. Laws, c. 186, § 1; 74 Del. Laws, c. 83, §§ 1, 2, 3, 4, 5.)



U.S. POSTAGE
WEST SACRAMENTO,CA
JAN 30 '07
AMOUNT
$7.04
00040282-09
23451
0000

7006 2760 0000 9765 0801

From: Trosslink-D,Inc.
3450 Industrial Blvd.
Suite 105
West Sacramento, Ca 95691

TO Joe Largey
2316 Beach Haven #101
Virginia Beach, VA
23451

Label 228, February 2006

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Joe Largey
2316 Beach Haven
#101
Virginia Beach, VA
23451

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by ( Printed Name)       C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)     7006 2760 0000 9765 0801

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

Register in Chancery
New Castle County Courthouse
500 N. King Street
Suite 1551
Wilmington, DE 19801

Official Business
Penalty for Private Use $300



RE 036 504 189 US

CA #2650-N

Joseph Largey
2116 Beach Haven Drive
Unit 101
Virginia Beach, VA 23451



■ SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete
   item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

1. Article Addressed to:

   CA #2650-N

   Joseph Largey
   2316 Beach Haven Drive
   Unit 101
   Virginia Beach, VA  23451

2. Article Number
   (Transfer from service label)       RE 038 504 189

PS Form 3811, February 2004       Domestic Return Receipt       102595-02-M-1540

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                                   □ Agent
                                    □ Addressee

B. Received by ( Printed Name)      C. Date of Delivery

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:        □ No

3. Service Type
   □ Certified Mail      □ Express Mail
   □ Registered          □ Return Receipt for Merchandise
   □ Insured Mail        □ C.O.D.

4. Restricted Delivery? (Extra Fee)             □ Yes

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

CROSSLINK-D, INC., a Delaware Corporation

        Plaintiff,

        v.                CASE NO.

JOSEPH LARGEY,

        Defendant

_____/

## DECLARATION
## IN SUPPORT OF REMOVAL

I, Joseph Largey, declare pursuant to 28 U.S.C § 1746 as follows:

1.    I submit this Declaration in support of my Notice of Removal in the above-captioned action.

2.    I have personal knowledge of the facts stated herein.

3.    I currently reside at 2316 Beach Haven Drive, Unit 101, Virginia Beach, Virginia 23451, which is my vacation home. Prior to May 2006, I resided at 1147 Abbeys Way, Tampa, Florida. In May 2006, I sold my house in Tampa, and I have moved temporarily to my Virginia vacation home while I look to repurchase a permanent residence in Florida, where I intend to permanently reside.

4.    I am not now, nor have I ever been, a resident of the state of Delaware or the state of California.

5.    Although the plaintiff disputes my title, I am the CEO and member of the board of directors of Crosslink-D and have been so since May 2005. In May 2005, Crosslink-D issued to me 200,000 shares of common stock in the company in consideration of my past unpaid services

rendered to the company as well as past un-reimbursed salary and expenses. Those amounts exceed $200,000. In my role as a director and CEO of Crosslink-D I have personal knowledge of the prices at which shares of Crosslink-D were sold. I can attest that the value of my 200,000 shares in Crosslink-D, which Crosslink-D now seeks to void in this action, exceeds $75,000.

7.     If called as a witness, I would and could competently testify to all of the foregoing, which is within my personal knowledge and based upon information gathered within the course and scope of my duties as chief executive officer and director for Crosslink-D.

8.     I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED, this **15** day of February, 2007.

JOSEPH LARGEY

2

## CERTIFICATE OF SERVICE

I, John C. Phillips, Jr., Esquire, hereby certify that on February 16, 2007, a true and correct copy of the foregoing Notice of Removal was served upon the following counsel via first class, postage prepaid mail:

Peter B. Ladig, Esquire
The Bayard Law Firm, P.A.
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801

John C. Phillips, Jr. (#110)

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

CrossLink-D, Ine.

**DEFENDANTS**

Joseph Largey                07 - 88 --

**(b)** County of Residence of First Listed Plaintiff    New Castle
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Peter B. Ladig, Esquire, The Bayard Law Firm, 222 Delaware Ave., Suite 900, Wilmington, DE 19801 (302) 655-5000

Attorneys (If Known)

John C. Phillips, Jr., Esquire, Philips Goldman & Spence, P.A.,
1200 N. Broom St., Wilmington, DE 19806 (302) 655-4200

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
      Plaintiff

☐ 3  Federal Question
      (U.S. Government Not a Party)

☐ 2  U.S. Government
      Defendant

☒ 4  Diversity
      (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                      and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

FEB 16 2007
US. DISTRICT COURT
DISTRICT OF DELAWARE

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Snits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Infonuation |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. s. 1332

Brief description of cause:
Plaintiff claims breaches of fiduciary duty under state corporate laws

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**
N/A

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☐ Yes    ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE ___    DOCKET NUMBER ___

DATE
02/16/2007

SIGNATURE OF ATTORNEY OF RECORD

John C. Phillips, Attorney for Defendnat

**FOR OFFICE USE ONLY**

RECEIPT # ___    AMOUNT ___    APPLYING IFP ___    JUDGE ___    MAG. JUDGE ___

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. ___0 7 - 8 8___

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___2___ COPIES OF AO FORM 85.

___2/16/.07___
(Date forms issued)

_____
(Signature of Party or their Representative)

_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action