IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CROSSLINK-D, INC., a Delaware corporation, <br><br> Plaintiff-Counterclaim Defendant, <br><br> v. <br><br> JOSEPH LARGEY, <br><br> Defendant-Counterclaim Plaintiff. | ) ) ) ) ) ) ) ) Civil Action No. 07-88 (GMS) ) ) ) ) ) |

## JOINT STATUS REPORT

The parties hereby provide the Court with their Joint Status Report as required by the Court's Order dated May 17, 2007 (the "Order"). (D.I. 6). The following addresses the agenda items required to be addressed by the Order.

### I. JURISDICTION AND SERVICE.

This action was originally filed on January 4, 2007, in the Court of Chancery of the State of Delaware. On February 15, 2007, defendant Joseph Largey filed a Notice of Removal removing the action to this Court.

This Court has subject matter jurisdiction over this under 28 U.S.C. §§ 1334. CrossLink-D, Inc. ("CrossLink-D") is a Delaware corporation with its principal place of business in California. Defendant Joseph Largey is a citizen of New Jersey.

Joseph Largey was served pursuant to 10 Del. C. § 3114.

### II. SUBSTANCE OF THE ACTION.

**Plaintiff's Narrative:**

This complaint is one of many arising out of events that occurred in May through August

662309-1

2006. In another action pending in the Court of Chancery, Dr. Kent C. Cochrum and CrossLink-D seek, among other things, a declaration pursuant to 8 *Del. C.* § 225 that Mr. Largey and Daniel Sueflohn were validly removed as directors of CrossLink on or about June 1, 2006 by written consent of majority of the stockholders of CrossLink-D (the "Chancery Court Action").

In this complaint, CrossLink-D seeks damages for breach of fiduciary duty by Mr. Largey who was the company's chief executive officer and a director. CrossLink-D contends that Mr. Largey ignored or failed to perform his duties as a director and chief executive officer, including without limitation failing to prepare a business plan for the company as it approached insolvency, failing to maintain contact with the company and its other directors and conspiring with another director to issue stock for the purpose of diluting the voting power of the majority of shareholders who, they contend, had acted to remove Mr. Largey as a director of the company.

CrossLink-D also seeks a declaration that the 200,000 shares of the company's common stock issued to Mr. Largey are void because Mr. Largey failed to provide any consideration for such shares. In the alternative, CrossLink-D contends that 77,778 shares of the company's common stock held by Mr. Largey are subject to repurchase by the company. CrossLink-D contends that Mr. Largey was terminated for cause and, pursuant to the terms of Mr. Largey's employment agreement, upon termination for cause, the company has the right to repurchase from Mr. Largey the portion of the 200,000 shares of common stock that have not "vested" according to the formula set forth in the employment agreement.

**Defendant's Narrative:**

Defendant, Joseph Largey, contends that in May 2006, Dr. Kent C. Cochrum, one of the three directors of CrossLink-D, invalidly and ineffectually attempted to seize sole control of CrossLink-D from the other two directors, Daniel Sueflohn and himself, by having secret written consents approving their removal executed by an insufficient number of other shareholders. Thereafter, Dr.

-3-

Cochrum claimed he was the "sole" director of CrossLink-D. He then took unilateral action to purportedly terminate Mr. Largey as CEO. The validity of the written consents to put Dr. Cochrum in sole control of CrossLink-D is currently being litigated in a related proceeding in Delaware Chancery Court under 8 *Del. C.* § 225. The determination in that proceeding of Dr. Cochrum's *authority* to act unilaterally on behalf of CrossLink-D to terminate Largey as CEO may have some bearing on the issues in this case.

Whatever the outcome of the Chancery Court proceeding, in this action, Mr. Largey seeks to establish that CrossLink-D breached Mr. Largey's employment agreement by wrongfully terminating him without cause. Mr. Largey also contends that CrossLink-D's claims that he breached his fiduciary duties and that he has no rights to the shares that were validly issued to him have no basis in fact or law and are only part of Dr. Cochrum's wrongful efforts to seize and consolidate control of the company in himself and others. Mr. Largey asserts that CrossLink-D, through its purported sole director, Dr. Cochrum, is estopped from denying Mr. Largey's ownership of 200,000 shares of CrossLink-D, in part because Dr. Cochrum voted to issue him the shares, executed the share certificate, issued and delivered the shares to him, caused the company's stock transfer ledger to reflect Mr. Largey's ownership of 200,000 shares, recognized Mr. Largey's consideration for the shares, and at all times acted and conducted the Company's affairs in recognition of Mr. Largey's ownership of the shares. Finally, Mr. Largey contends that his shares are not subject to repurchase under the provisions of his employment agreement.

## III.    IDENTIFICATION OF ISSUES.

The issues in dispute are: (1) whether Mr. Largey breached his fiduciary duties; (2) whether CrossLink-D breached Largey's employment agreement; (3) whether the 200,000 shares issued to Mr. Largey in May 2005 are valid or void; (4) if Mr. Largey was validly terminated for cause and his shares are not void, whether 77,778 shares of the company's common stock held

by Mr. Largey are subject to repurchase by the company pursuant to Mr. Largey's employment agreement.

### IV. NARROWING OF ISSUES.

The parties are not aware of issues that can be narrowed at this time.

### V. RELIEF SOUGHT.

CrossLink-D seeks damages for Mr. Largey's breaches of fiduciary duties. CrossLink-D also seeks a declaration that the 200,000 shares of the company's common stock issued to Mr. Largey are void, or, in the alternative, an order compelling Mr. Largey sell to the company the shares subject to the repurchase option in his employment agreement.

Mr. Largey seeks: (1) damages from CrossLink-D for its breach of his employment agreement, including payment of severance and other amounts due under the agreement; (2) a judicial determination that the 200,000 shares of CrossLink-D common stock issued to him in May 2005 are validly owned by him and not subject to repurchase by CrossLink-D (3) a permanent injunction against Crosslink-D and any of its employees, officers, directors or agents from taking action to divest Largey of his shares or percentage ownership in Crosslink-D (4) an order requiring Crosslink-D to provide Largey all appropriate and necessary documentation and information regarding his shares so that Largey can complete his federal income tax returns.

No insurance company is believed to be liable for the defense or payment of any damage award.

### VI. AMENDMENT OF PLEADINGS.

The parties propose that August 30, 2007 be set as the deadline to amend the pleadings.

### VII. JOINDER OF PARTIES.

Mr. Largey may add Dr. Kent C. Cochrum and others as parties to the suit and add counts for breach of fiduciary duty, tortious interference with contract, fraud, as well as other possible

causes of action. The parties propose that all motions that seek to amend the pleadings in order to add parties must be served by August 30, 2007.

**VIII. DISCOVERY.**

Discovery in this matter may be able to be limited to a certain extent as a result of the Chancery Court Action. In the Chancery Court Action, the parties have produced documents and exchanged written discovery. As discussed in more detail in section XI below, due to settlement discussions that have taken place over the past 4 months, the parties have delayed taking depositions in the Chancery Court Action and have delayed the trial in that action on two occasions in order to allow more time to pursue a global resolution to the claims raised in both this action and the Chancery Court Action.

Should the parties not be able to achieve a global resolution, the Chancery Court Action is currently scheduled for trial on July 11 and 12, 2007, but the parties currently are contemplating requesting a new trial date to allow settlement discussions to continue and to allow the parties to conduct depositions and pre-trial briefing should settlement discussions break down. In all events, although the Chancery Court Action is a statutory summary proceeding of limited scope, if litigated, the discovery obtained in the Chancery Court Action will narrow the scope of discovery in this action, particularly as it relates to document production and the length of depositions.

**IX. ESTIMATED LENGTH OF TRIAL (INCLUDING JURY SELECTION AND INSTRUCTIONS, IF APPLICABLE).**

Four days.

**X. JURY TRIAL.**

The defendant has demanded a jury trial.

## XI. SETTLEMENT.

As discussed above, for the past 4 months, the parties have attempted to negotiate a global resolution of the claims brought in this action, the Chancery Court Action, and a third action brought in Florida by Daniel Sueflohn, the other director who was purportedly removed in June 2006. As of the date of this status report, the parties believe that they are close to reaching agreement on a global resolution of these issues. Accordingly, the parties respectfully request that the Court not enter a scheduling order at this time, but instead require that by no later than August 1, 2007, the parties either submit a stipulation of dismissal of this action or a proposed scheduling order to the Court.

## XII. OTHER MATTERS.

The parties do not consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c).

## XIII. CONFIRMATION OF RULE 26(F) TELECONFERENCE.

The parties confirm that they have conferred about each of the above matters.

If the Court has any questions regarding the information set forth above, counsel for both parties are prepared to provide the additional information needed to address the Court's concerns.

**AGREED TO BY THE PARTIES:**

/s/ Peter B. Ladig
Peter B. Ladig (#3513)
The Bayard Firm, P.A.
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
(302) 655-5000
  Attorneys for Plaintiff-Counterclaim
  Defendant CrossLink-D, Inc.

662309-1


-7-

Of Counsel:

| | |
|---|---|
| Timothy W. Volpe | /s/ John C. Phillips, Jr. |
| Florida Bar No. 358185 | John C. Phillips, Jr. (#110) |
| Matthew P. McLauchlin | Phillips, Goldman & Spence, P.A. |
| Florida Bar No. 484180 | 1200 N. Broom Street |
| Volpe, Bajalia, Wickes, Rogerson & Wachs | Wilmington, Delaware 19806 |
| 1301 Riverplace Boulevard | (302) 655-4200 |
| Suite 1700 | Attorneys for Defendant-Counterclaim |
| Jacksonville, Florida 32207 | Plaintiff Joseph Largey |
| (904) 355-1700 | |